# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

TYRONE HALL,

                              Plaintiff,

   v.

                                                    9:12-CV-832

DONALD UHLER                              (DNH/ATB)
GEORGE WATERSON, et al.,

                              Defendants.

TYRONE HALL, Plaintiff, *pro se*
ROGER W. KINSEY, AAG, for the Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT and RECOMMENDATION

This matter was referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge.

In this civil rights complaint, plaintiff alleges that defendants Waterson and two John Does assaulted plaintiff at the direction of defendant Uhler in retaliation for grievances filed by plaintiff. (Compl. Dkt. No. 1). Plaintiff seeks injunctive and monetary relief.

Presently before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9). Defendants filed their motion on June 27, 2012. (*Id.*) On July 9, 2012, plaintiff filed a letter-motion requesting an extension of time to file a motion to amend his complaint because he "left out vital pertinent information regarding the violation of his constitutional rights . . . ." (Dkt. No. 12). Plaintiff stated that he was waiting for a response to his Freedom of Information request. (*Id.*) This

court granted plaintiff's request and set a deadline of August 10, 2012 for plaintiff to file a motion to amend. (Text Order dated July 9, 2012).

On September 12, 2012, plaintiff filed another letter-motion requesting an additional extension of time to file a motion to amend. (Dkt. No. 13). In this request, plaintiff simply alleged that due to "circumstances out of [his] control," he was unable to meet the motion to amend deadline. (*Id.*) He did not request a specific amount of time for the extension. I authorized the extension of time by Text Order and gave plaintiff until October 15, 2012 to file his motion to amend. (Text Order dated September 12, 2012). As of today's date, plaintiff has failed to file his motion to amend, and although not required to do so, has not filed a response to defendants' motion to dismiss.

For the following reasons, this court will recommend granting defendants' motion in part and denying it in part.

## DISCUSSION

I. **Facts**

On September 14, 2011, while incarcerated in Upstate Correctional Facility ("Upstate"), plaintiff requested emergency sick call because he was suffering from chest pains and pressure building up in his head. (Compl. ¶ 5). Plaintiff states that when he complained to defendant Nurse Waterson about his medical condition, defendant Waterson had plaintiff removed from his cell and ultimately taken to the facility infirmary emergency room. (*Id.*)

Plaintiff states that he was escorted to the emergency room by defendant

2

Waterson and by two John Doe defendants ("John Doe #1" and "John Doe # 2"). (Compl. ¶ 6). Plaintiff claims that after they got to the emergency room, defendant Waterson "violently assaulted the plaintiff," repeatedly slapping and punching plaintiff in the face. (Compl. ¶ 7). Plaintiff states that defendant Waterson also spit at plaintiff, telling him that he was doing these things for "Uhler and the rest of us Nigger." (*Id.*)

Plaintiff alleges that John Doe # 1 grabbed plaintiff and slammed him into the wall head-first. (Compl. ¶ 8). Plaintiff then fell to the floor and all three defendants kicked plaintiff in the head, face, chest, and defendant Waterson kicked plaintiff in the abdomen so violently that plaintiff vomited. (Compl. ¶¶ 8-9). Plaintiff claims that the defendants laughed at him, and defendant Waterson told plaintiff that defendant Uhler "told us to beat your ass for those grievances you been filing on us." (Compl. ¶ 8). John Doe # 1 allegedly told plaintiff that he "better chill out with those grievances . . . Dept Uhler said so." (Compl. ¶ 10). Plaintiff also claims that defendant John Doe # 1 told plaintiff that the defendants did not have any problem beating plaintiff in the infirmary because there were no cameras there. (*Id.*) John Doe # 2 allegedly told plaintiff that defendant Uhler ordered this assault and that if plaintiff told anyone, it would "only make [his] stay at Upstate worst [sic]." (Compl. ¶ 11).

Plaintiff states that he was in full restraints during the entire incident and that he suffered swollen lips and face; pain and bruises to both sides of his jaw; pain and bruises in his ribs, stomach, low back, and neck; a bloody nose; and a two inch laceration on the top of his head . (Compl. ¶ 13). Plaintiff alleges that he was denied

3

medical treatment for his injuries. (*Id.*)

Plaintiff asks the court to immediately order him to be separated from any of the defendants in this case for "the remainder of [his] entire life." (Compl. Relief (A)). Plaintiff also asks for substantial compensatory and punitive damages from each defendant individually. (*Id.* Relief (B)-(D)).

## II.    Motion to Dismiss

### A.    Legal Standards

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice.  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995).  The court must heed its particular obligation to treat pro se pleadings with liberality.  *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

4

## II. Eleventh Amendment

### A. Legal Standards

The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An action against state officers in their official capacities is tantamount to an action against the state. *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991) (citations omitted).

### B. Application

#### 1. Damages

Defendants argue that plaintiff is suing defendants in their official capacities. In the section of his complaint, entitled "Parties," plaintiff does allege that he is suing defendants in their individual *and official* capacities. (Compl. ¶ 3). In his relief section, plaintiff does not repeat his statement about official capacity, and requests compensatory damages "jointly and severally." (Relief (B)). He is also asks for punitive damages against each defendant "individually." (*Id.* (C)). To the extent that the complaint may be interpreted as suing defendants in their official capacities for damages, the complaint may be dismissed.

#### 2. Injunctive Relief

Plaintiff has also asked for "injunctive" relief, requesting that he be separated from the defendants for his entire life. The Eleventh Amendment is not applicable to

5

claims for prospective injunctive relief. *Edelman v. Jordan*, 415 U.S. 651, 664-65 (1974). However, in order to avoid the Eleventh Amendment bar, a plaintiff must (a) allege an ongoing violation of federal law, and (b) seek relief that is properly characterized as prospective. *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Maryland, Inc. v. Pub. Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372 (2d Cir. 2005)).

A plaintiff seeking injunctive relief may not rely on past injury, but must show a likelihood that he will be injured in the future and the existence of an official policy or its equivalent. *Peck v. Baldwinsville Cent. School Dist.*, 351 F. App'x 477, 479 (2d Cir. 2009) (citations omitted). If he cannot make this showing, he lacks standing for declaratory and prospective injunctive relief. *Id.*

In this case, plaintiff cannot meet the first requirement for prospective injunctive relief: an ongoing violation of federal law. He has claimed only that he was injured by defendants on one occasion in 2011. There is no allegation of policy, nor has he alleged in more than a conclusory way[1] that he is likely to be injured in the future by these defendants.[2] Thus, any official capacity claims may be dismissed

---

[1] In paragraph 10 of the complaint, plaintiff states that defendants told him that they did not have any problems beating him up in the infirmary because there were no cameras. To the extent that this statement may imply that defendants were threatening to beat plaintiff again, his allegations are too conclusory to withstand a motion to dismiss.

[2] As the defendants also argue, none of them have the official capacity necessary to order the injunctive relief that plaintiff requests. *See Doe v. Cuomo*, No. 08 Civ. 8055, 2009 WL 3123045, at *6 (S.D.N.Y. Sept. 29, 2009) (citing *inter alia Blackburn v. Goodwin*, 608 F.d 919, 925 (2d Cir. 1979)) (official capacity claim for injunctive relief may be dismissed when none of the defendants

against all defendants.

## III. Personal Involvement

### A. Legal Standards

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). A supervisory official is personally involved if that official directly participated in the infraction. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986). The defendant may have been personally involved if he or she failed to remedy the wrong after learning about it through a report or appeal; if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, 556 U.S. 662 (2009).

### B. Application

Defendants argue that this case should be dismissed as against defendant Uhler because he had no personal involvement in the alleged assault, and plaintiff's bare and "self-serving" allegation that Uhler directed the other defendants to assault plaintiff is

---

have the authority to grant the relief sought by plaintiff). In this case, plaintiff has named a nurse, two John Doe corrections officers, and the Deputy Superintendent for Security of Upstate Correctional Facility. None of these defendants are alleged to have the authority to grant plaintiff an injunction, separating all of them from plaintiff for his "entire life." This is an alternative basis for dismissal of any official capacity claims.

insufficient to withstand a motion to dismiss. This court does not agree.

Although plaintiff's allegations are vague, he does claim that defendant Waterson and the John Doe defendants told plaintiff that they were acting at the behest of defendant Uhler. At this point, plaintiff's allegations must be assumed to be true. If defendant Uhler directed defendants to assault plaintiff[3] and was aware of the assault, he would be personally involved in the constitutional violation. In addition, if this court recommended dismissal of the claim against defendant Uhler for lack of personal involvement, the dismissal would have been without prejudice to an amendment by plaintiff in which he would be entitled to support his allegations with further facts.[4]

The court notes that plaintiff requested time to make a motion to amend, purportedly because he failed to include what he referred to as "vital pertinent information" regarding the alleged constitutional violations. (Dkt. No. 12). Plaintiff never made his motion to amend, notwithstanding an additional extension of time to do so. In his first request, plaintiff stated that he was awaiting additional information from a Freedom of Information request. (*Id.*) Plaintiff is reminded that he may simply

---

[3] Of course, the court makes no such finding herein.

[4] The court also notes that, even if I were to recommend granting the motion, the case would proceed as against defendant Waterson, who is alleged to have participated directly in the assault. In addition, plaintiff would be entitled to discovery regarding the two John Doe defendants who must be identified or plaintiff will risk dismissal of the action as against these unknown officers. In this court's filing order, I warned plaintiff that in the event that he wished to pursue his claims against the John Does, he must take reasonable steps to ascertain their identities. (Dkt. No. 4 at 2). If plaintiff fails to do so, the complaint will be dismissed against the John Does. Thus, plaintiff is again warned that his failure to identify these individuals will result in dismissal. Plaintiff may request discovery from the existing defendants in order to determine the identity of the unknown defendants.

ask the defendants for discovery, and in fact, defendants will be required to provide plaintiff with mandatory disclosures. Thus, this court will not recommend dismissal as against defendant Uhler at this time based upon defendants' argument that there are insufficient allegations of personal involvement.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 9) be **GRANTED IN PART**, and any official capacity claims, including claims for injunctive relief be dismissed as against all defendants, and it is further

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 9) be **DENIED IN ALL OTHER RESPECTS.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 27, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge